**ISC—BUNKER RAMO CORPORATION, Plaintiff–Counterdefendant,**

v.

**ALTECH, INC., Defendant-Counterplaintiff.**

**No. 89 C 8736.**

United States District Court, N.D. Illinois, E.D.

Dec. 10, 1990.

Bruce S. Sperling, Eugene J. Frett, Mitchell H. Macknin, Sperling, Slater & Spitz, Chicago, Ill., Steven G. Lisa, Lisa & Lisa, Barry W. Sufrin, John T. Gabrielides, Hosier & Sufrin, Ltd., Phoenix, Ariz., for plaintiff-counterdefendant.

Thomas E. Dorn, Edward M. Keating, Vangelis Economou, Kinzer Plyer Dorn McEachran & Jambor, Chicago, Ill., Mary Ann Weems, Sestric, Korum & Weems, Clayton, Mo., Robert J. Crawford, Ronald B. Coolley, Arnold, White & Durkee, Chicago, Ill., for defendant-counterplaintiff.

**CONSENT JUDGMENT**

MAROVICH, District Judge.

This action for copyright infringement, misappropriation of trade secrets and interference with contract was filed on November 27, 1989; thereafter, on June 25, 1990, the Court entered a preliminary injunction. 765 F.Supp. 1310 (N.D.Ill.). Now, as a result of arm's-length negotiations, the parties have agreed to a resolution of the claims asserted in this action, and have agreed that a final injunction order shall be entered, premised upon the Court making findings of fact and conclusions of law that are substantially identical to those set forth by the Court in its preliminary injunction order. The parties specifically agree that each of the Findings of Fact set forth below could be proved by the plaintiff, ISC–Bunker Ramo Corporation, at trial, and shall be deemed to have been so proved for purposes of this Consent Judgment. Therefore, upon consent of the parties, it is found, concluded and ordered as follows:

**I. FINDINGS OF FACT**

The Findings of Fact set forth in the Court's Memorandum Opinion and Order, dated June 25, 1990, which adopted, in their entirety, the proposed Findings of Fact set forth in the Magistrate's Report and Recommendation, dated May 17, 1990, are hereby incorporated into this Consent Judgment.

**II. CONCLUSIONS OF LAW**

The Conclusions of Law set forth in the Court's Memorandum Opinion and Order, dated June 25, 1990, which also adopted, in their entirety, the proposed Conclusions of Law set forth in the Magistrate's Report and Recommendation, dated May 17, 1990, are hereby incorporated into this Consent Judgment.

**III. FINAL JUDGMENT**

Altech, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with it who receive actual notice of this order, are hereby permanently enjoined as follows:

1. By reason of Altech's systematic infringement of ISC's copyrights both as a direct and contributory infringer, Altech is permanently enjoined from copying, disseminating, using or otherwise infringing ISC's copyrighted works, or any derivatives thereof, including those works for which registrations have issued, and those

works for which registrations may issue in the future. ISC's copyrighted works, and their derivatives, for which registrations have issued include:

### (a). IDOS Operating Programs For Diagnostic Use

| Work | Cert. of Reg. No. | Date Issued |
| --- | --- | --- |
| IDOS V1.2 | TXU–396–031 | 01/03/90 |
| IDOS 937 and 437 | TXU–396–029 | 01/03/90 |
| IDOS 940 | TXU–410–028 | 04/23/90 |
| IDOS 440 | TXU–410–027 | 04/23/90 |
| IDOS 950 and 450 | TXU–396–026 | 01/03/90 |
| IDOS 960 | TXU–410–024 | 04/23/90 |
| IDOS 460 | TXU–402–607 | 02/28/90 |

### (b). IDOS Utility Programs For Diagnostic Purposes

| Work | Cert. of Reg. No. | Date Issued |
| --- | --- | --- |
| Makeprom, Trancomp, Tranxref, FTRNMAIN, DESCMAIN, DA | TXU–396–032 | 01/03/90 |
| WINUTIC, WINGEN, WINMAP | TXU–396–030 | 01/03/90 |
| WINCHESTER UTILITY | TXU–410–026 | 04/23/90 |
| VE UTILITY | TXU–410–037 | 04/23/90 |
| EL UTILITY I80 | TXU–410–023 | 04/23/90 |
| UT–VERSION 175D | TXU–410–038 | 04/23/90 |

### (c). ISC Workstation Operating Systems

| Work | Cert. of Reg. No. | Date Issued |
| --- | --- | --- |
| Version 401A | TXU–410–039 | 04/23/90 |
| Version 405A | TXU–396–028 | 01/03/90 |
| Version 405E | TXU–396–027 | 01/03/90 |
| Version 410A | TXU–410–040 | 04/23/90 |

### (d). ISC Field Service Pocket Reference Guide

| Work | Cert. of Rev. No. | Date Issued |
| --- | --- | --- |
| Original Release of The Guide | TXU–402–612 | 02/28/90 |
| Revision 1, July, 1985 | TXU–402–611 | 02/28/90 |
| Revision 2, November, 1986 | TXU–402–605 | 02/28/90 |
| Revision 3, January, 1987 | TXU–402–609 | 02/28/90 |
| Revision 4, March, 1988 | TXU–402–610 | 02/28/90 |
| Revision 4, Change "A", August, 1988 | TXU–402–608 | 02/28/90 |
| Revision 4, Change "B", January, 1989 | TXU–402–606 | 02/28/90 |

2. (a) As the result of Altech's (i) systematic misappropriation and use of ISC's trade secrets, and (ii) systematic interference with and inducement of breaches of ISC's employment agreements with its ex-employees not to disclose ISC's trade secrets and confidential information, or to accept positions where they would be inherently called upon to use or make judgments based upon that information, ISC's confidential information and trade secrets have been disseminated throughout Altech. All persons who were employed by Altech on or before June 29, 1990, have either received or been given access to that information in context of their installing, repairing, or servicing ISC equipment. Consequently, to provide effective relief to ISC, all persons who were employed by Altech on or before June 29, 1990, are enjoined from working, directly or indirectly, on the installation, service or repair of ISC computer equipment, or any components or parts thereof, including the training of or instruction of others on how to do such work, in whole or in part.

(b) This portion of the permanent injunction shall last for five years after the entry hereof.

(c) If Altech wishes to continue to service ISC computer systems after the entry hereof, it is free to do so with new employees. Thus, this portion of the injunction does not apply to employees of Altech hired after June 29, 1990, provided that Altech first shows to this Court, prior to allowing any such new employee to work on ISC equipment, that (i) the employee has not had access to any ISC confidential information, and (ii) that the employee can work at Altech without interfacing with and becoming tainted by any Altech employee covered by this portion of the injunction.

3. Altech is further permanently enjoined from (a) misappropriating or disclosing ISC's trade secrets, as that term is defined in Ill.Rev.Stat. ch. 140 ¶ 351 et seq.,

which for purposes of this injunction shall include, but not be limited to, the following: ISC-originated software, Guides, service manuals, technical bulletins, change orders, product alert notices, schematics, training manuals and materials; and (b) interfering with ISC's employment agreements by providing employment to any person covered thereby which employment would pose the inherent risk of disclosure or use of ISC confidential information or trade secrets.

4. All of the following items within the possession, custody or control of Altech, or any of its officers, directors, principals, employees or agents, are to be delivered to ISC immediately prior to the execution of this Consent Judgment by ISC: (1) any ISC-originated software, or portions thereof, (2) any ISC-originated Guides, service manuals, technical bulletins, change orders, product alert notices, schematics, training manuals and materials, or portions thereof; (3) any notes, summaries, tapes, compilations, or recordings of any sort, which in whole or part, contain or refer to any of the information set forth in the items identified in this paragraph.

5. The letter of credit previously posted by ISC shall be returned to ISC by the Clerk's office, as no further security is required. ISC shall have the right to take all appropriate measures to cause the letter of credit to be cancelled by the issuing bank.

6. This Court shall retain personal jurisdiction over Altech for the purpose of enforcing compliance with this Order. Altech agrees that it will not contest the exercise of jurisdiction by this Court in any action instituted for the purpose of enforcing compliance with this Order, and that it will not contest in any such action the enforceability of this Order.

7. Each party shall bear its own costs, disbursements and attorneys' fees.

JUDGMENT ENTERED.